HARRISON *v.* MATTHEWS.

5-2818                                          362 S. W. 2d 704

Opinion delivered December 17, 1962.

*McMath, Leatherman, Woods & Youngdahl,* for appellant.

*Mahony & Yocum,* for appellee.

GEORGE ROSE SMITH, J. By Act 54 of 1961 our courts are authorized to enter personal judgment against a nonresident defendant who was domiciled in this state either at the time the cause of action arose or at the time he was served with process under the act. Service is had by sending a summons and a copy of the complaint to the nonresident defendant, by registered or certified mail. Ark. Stats. 1947, § 27-339. The question here is whether this new method of obtaining personal jurisdiction can be used with respect to a cause of action that arose before the act was passed.

This action was brought by the appellant Harrison to recover damages for personal injuries sustained by him when an oil derrick collapsed in Union County, Arkansas, on May 4, 1960. One of the defendants, the appellee Matthews, was domiciled in Arkansas when the accident happened, but he left the state before this suit was filed on June 7, 1961 (which was also the effective date of Act 54). Matthews was domiciled in Louisiana on January 12, 1962, when he was served by registered mail pursuant to the new act. This appeal is from an order quashing the service and dismissing the action against Matthews, upon the ground that Act 54 is not applicable to a case involving a cause of action that antedated the statute.

There can hardly be any serious question about the constitutionality of the act as it applies to causes of action arising after the statute went into effect. When a tort occurs in Arkansas, as it did here, this state has a sufficient connection with the controversy to justify basing jurisdiction upon domicile, and service by registered mail is a fair method of providing the defendant with notice and an opportunity to be heard. *Milliken* v. *Meyer,* 311 U. S. 457, 85 L. Ed. 278, 61 S. Ct. 339; *International Shoe*

*Co.* v. *Washington,* 326 U. S. 310, 90 L. Ed. 95, 66 S. Ct. 154; *McGee* v. *International Life Ins. Co.,* 355 U. S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199; *Kelso* v. *Bush,* 191 Ark. 1044, 89 S. W. 2d 594; 15 Ark. L. Rev. 428.

The rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. "The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should receive a more liberal construction, and should be given a retrospective effect whenever such seems to have been the intention of the Legislature." *State ex rel. Moose* v. *Kansas City & M. Ry. & B. Co.,* 117 Ark. 606, 174 S. W. 248. Upon this reasoning we held that the enactment of our venue act, restricting the venue in tort cases, required the dismissal of a case that was properly pending when the act took effect. *Fort Smith Gas Co.* v. *Kincannon,* 202 Ark. 216, 150 S. W. 2d 968.

Act 54 did not create new substantive rights. Whatever cause of action this appellant now has was already in being when the statute was adopted. Its only effect was to permit a plaintiff to obtain personal jurisdiction in the courts of this state over a nonresident defendant. The act is procedural in nature, merely providing in this instance a new forum for the enforcement of existing rights. Being procedural, the act applies to all cases filed after it became effective.

This is the view that has been taken in the only two states where the exact question has arisen. Under similar statutes in California and New Mexico the courts have held that the new procedure is available in cases involving causes of action that already existed when the acts went into effect. *Allen* v. *Superior Court,* 41 Calif. 2d 306, 259 P. 2d 905; *Owens* v. *Superior Court,* 52 Calif. 2d 822, 345 P. 2d 921; *Gray* v. *Armijo,* 70 N. M. 245, 372 P. 2d 821. We think these decisions to be sound, for, as the court observed in the *Owens* case, just cited, the "defendant has no vested

right to have the jurisdiction of the courts of this state limited as it was at the time he left the state.''

The appellee relies principally upon *Gillioz* v. *Kincannon*, 213 Ark. 1010, 214 S. W. 2d 212. Domicile was not involved in that case. There Gillioz, a nonresident contractor, damaged the plaintiff's land in the course of engaging temporarily in business in Arkansas. After Gillioz had returned to his home in Missouri our legislature adopted an act which provided that any nonresident doing business in Arkansas would be deemed to have appointed the Secretary of State as his agent for service in cases arising from the business so done. Ark. Stats., § 27-340. We held that the statute did not operate retroactively to permit the plaintiff to obtain jurisdiction over Gillioz in Arkansas.

That decision is clearly distinguishable from the case at bar. The statute in the *Gillioz* case gave the nonresident visitor a choice, warning him that if he engaged in business in Arkansas he thereby appointed the Secretary of State as his agent for service and subjected himself to suit here. But the nonresident was free to avoid the risk of litigation in Arkansas simply by electing not to do business in the state. Gillioz had come and gone before the statute was enacted. Obviously it could not with justice have been applied to his prior visit, for such a retrospective construction would have deprived Gillioz of any choice in the matter, attaching to his Arkansas visit a significance that it did not have when it was made.

By contrast, the present case does not turn upon the defendant's freedom of choice. The appellee certainly did not choose to live in Arkansas from 1941 until 1960 simply because he knew that he could escape the state's personal jurisdiction by changing his domicile. Thus the reasoning upon which the *Gillioz* decision rested is not pertinent in the dispute now before us. There is no just basis for exempting this appellee from accountability in this state for a tort committed while he was domiciled here.

Reversed.