KNOWLES *v.* VICK CHEMICAL CO.

5-3753                                                    398 S. W. 2d 204

Opinion delivered January 24, 1966

*Max M. Smith, Switzer & Griffin,* for appellant.

*Brown, Compton & Prewett,* for appellee.

OSRO COBB, Justice. Appellant filed a suit on the 16th day of February, 1965, against appellees alleging that between the dates of October 27, 1961 and March or April, 1962, she took a certain prescription

drug (MER/29 triparanol) which caused her to suffer many adverse and damaging effects, and further alleging that she had taken said drug upon the express and implied warranties of appellees, the manufacturers and distributors of same, that said drug had been adequately tested and was fit for the purpose of which it was intended and fit for human use and consumption. The complaint sought damages for her injuries resulting from her alleged use of said drug.

Appellees responded to the complaint by filing a demurrer seeking dismissal of the action for lack of privity between the parties litigant. The demurrer admitted the truth of all well pleaded allegations of the complaint. *Oliver & Oliver* v. *Western Clay Drainage Dist.*, 187 Ark. 539, 61 S. W. 2d 442.

The trial court sustained the demurrer and dismissed the complaint. The case is now before us on the pleadings presenting solely questions of law.

We quote from appellant's able brief as follows:

"As this Court is well aware, Arkansas had followed the 'strict privity' rule since 1905 when *Nelson* v. *Armour Packing Company*, 76 Ark. 352, 90 S. W. 288 (1905), was decided, although there have been some Arkansas Supreme Court judges who have recognized the 'unsoundness' of the rule laid down in the Armour case. See Justice Hart's dissent with Justice Humphreys concurring, *Drury* v. *Armour & Co.*, 140 Ark. 371, at 379, 216 S. W. 40 (1919). The first official dent in the 'strict privity' rule in Arkansas was made by this Court in 1964 in *Delta Oxygen Co.* v. *Scott*, 238 Ark. 534, 383 S. W. 2d 885 (1964).

"The 'unsoundness' of this rule was also recognized by the 1965 Arkansas Legislature when on February 8, 1965, they passed Act No. 35 which struck down lack of privity as a defense in an action such as the one at bar."

Act 35 of the 1965 Legislature is short, and we quote all of its three sections in full.

"SECTION 1.  The lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods.

"SECTION 2.  *The provisions of this Act shall not apply to litigation pending on the date it becomes effective.* (Emphasis added.)

"SECTION 3.  All laws and parts of laws in conflict with this Act are hereby repealed."

Act 35 was approved on February 8, 1965. It contained no emergency clause. We take notice that the 1965 Legislature adjourned on March 10, 1965. Absent an emergency clause, Legislative acts do not become effective until 90 days after final adjournment of the Legislature, which, in this case, would be the 8th day of June, 1965. *Thompson* v. *State,* 151 Ark. 369, 236 S. W. 608.

While it is true that this court has been moving toward a reexamination of its position as to the necessity of privity in cases of this character (*Delta Oxygen Co.* v. *Scott, supra*) we now conclude that as to the real dispositive question in this case that we are bound by the clear and unambiguous provisions of said Act 35. It squarely states that lack of privity shall not be a defense only in such actions filed after its effective date which obviously is not the case as to the instant suit. Since the whole question was before the Legislature we are not inclined, nor do we feel at liberty to enlarge upon the relief spelled out in the Act.

The action of the trial court in sustaining the demurrer and dismissing the complaint is, therefore, affirmed.

GEORGE ROSE SMITH, J., not participating.