The Honorable Jack H. McCoy State Representative 712 McNeal Street Malvern, AR 72104-4326
Dear Representative McCoy:
This is in response to your request for clarification of Attorney General Opinion 92-023. You note the conclusion in that Opinion that employees of political subdivisions, including municipalities, are entitled to their regular salaries during the military leave time authorized in A.C.A. § 21-4-102 (Cum. Supp. 1991), and that this military leave is in addition to the employees' regular vacation time. Your specific question is: "How far back does this provision apply?"
I assume that your question, in essence, is whether this provision for military leave applies retroactively to include any prior service. The relevant provisions in § 21-4-102 were enacted under Act 673 of 1991. A review of this act fails to yield authority for the proposition that it applies retroactively. It is well-established that legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed. See Abrego v.United Peoples Fed. Sav. Loan, 281 Ark. 308, 664 S.W.2d 858
(1984). Legislation will not be construed as being retroactive if it may reasonably be construed otherwise, and any doubt is resolved against retroactive application. Arkansas Rural MedicalPractice Student Loan Scholarship Bd. v. Luter, 292 Ark. 259,729 S.W.2d 402 (1987). An exception to the general rule of prospective application applies in the case of procedural or remedial legislation which does not disturb vested rights or create new obligations. Harrison v. Matthews, 235 Ark. 915,362 S.W.2d 704 (1962). Even remedial legislation may not be applied retroactively, however, unless the legislature's intent is so clear, strong and imperative as to have no other meaning.Luter, supra.
Applying these precepts, it must be concluded that Act 673 applies prospectively only. A clear intent to apply the act retroactively is not discernable from the language employed. Nor, in my opinion, may it reasonably be concluded that this legislation constitutes procedural or remedial legislation. While the title states that the act is intended to "clarify the protection of rights, privileges and benefits during military leave . . .," it is clear from a review of the legislative history that the act creates new rights for the personnel listed, i.e., teachers, administrators, non-certified public school employees, and political subdivision employees.[1]
The above factors, combined with the absence of an indication that retroactivity is imperative, compel me to conclude that the military leave provisions in Act 673 of 1991 apply prospectively.[2]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] State employees were granted military leave prior to the passage of Act 673 of 1991. See, Acts 1975, No. 567; Acts 1957, No. 246; and Acts 1949, No. 465.
[2] Act 673 was approved on March 21, 1991, and did not contain an emergency clause. It therefore became effective July 15, 1991.See Op. Att'y Gen. 91-119 (concluding that acts passed by the 78th General Assembly that did not carry an emergency clause went into effect ninety days after the date of adjournment, i.e., May 15, 1991).