Ms. Caran Curry Prosecutor Coordinator 323 Center Street, Suite 750 Little Rock, Arkansas 72201
Dear Ms. Curry:
This letter is a response to your request for an opinion regarding the dates on which Acts 335 and 1004 of 1995 may be applied. Acts 335 and 1004 of 1995 increased the fees that may be collected as restitution and service charge in connection with the prosecution of insufficient funds check writers. Neither act contained an expressed effective date, nor did they contain emergency clauses. Their effective dates, therefore, are ninety days from the adjournment of the legislative session. Knowles v.Vick Chemical Co., 240 Ark. 125, 398 S.W.2d 204 (1966). The legislature adjourned on April 2, 1995. The effective date of both acts is July 28, 1995. See Attorney General Opinion No. 95-119.
You have presented the following specific question:
 Should prosecutors collect the merchant fee of $20.00 for checks written prior to the effective date of Acts 335 and 1004 of 1995?
It is my opinion that prosecutors may collect the increased fees for checks written prior to the effective date of the acts in question, if the dishonor of the check, the prosecution thereon, and the assessment of the fee occur after the effective date of the act; however, it is my opinion that prosecutors may not collect the increased fees for checks written prior to the effective date of the acts if the dishonor of the check, the prosecution thereon, and the assessment of the fee occur prior to the effect date of the acts.
The Governing Rules of Law
There is a presumption in Arkansas law against the retroactivity of statutes in the absence of an expressed legislative intent to the contrary. See, e.g., Ark. Dept. of Human Services v. Walters,315 Ark. 204, 866 S.W.2d 823 (1993). This presumption does not apply when the statute in question is procedural, rather than substantive, in nature.Forrest City Mach. Works v. Aderhold, 273 Ark. 33, 616 S.W.2d 720
(1981). Statutory provisions are considered to be procedural in nature if they operate only to supply a new or more appropriate remedy to enforce an existing right or obligation; they are considered to be substantive if they operate to disturb vested rights or create new obligations. Harrisonv. Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962).
These rules of law are exemplary of the following statement from Sutherland on Statutory Construction: "Judicial opinions are full of standards which purport to govern decision concerning the legality of retroactive application of new law. On close examination most of them turn out to be little more than ways to restate the problem." Sutherlandon Statutory Construction, § 41.05 at 369. Sutherland also states: "In dealing with the problem of retroactivity, it is extremely difficult to establish definite criteria upon which court decisions can be foretold."Id. Such is certainly the case in Arkansas. A determination of the outcome of any particular case requires scrutiny of the various cases in which the courts have addressed the issue, and those cases reflect varying results. In some cases, the courts have allowed statutes to apply retroactively, even though they did, in fact, increase a burden on one of the parties (and could, therefore, have been considered substantive). In those cases, the courts have said that the statute in question was procedural. In others, the courts have strictly applied the above-stated rules and not allowed retroactivity because of an increased burden. In those, the courts have called the statute in question substantive. Cf.Forrest City Mach. Works v. Aderhold, 273 Ark. 33, 616 S.W.2d 720 (1981) and Gillioz v. Kincannon, 213 Ark. 1010, 214 S.W.2d 212 (1948). Because of conflicting results of this nature, it is, as Sutherland noted, difficult to predict what a court will characterize as procedural and what it will characterize as substantive. Sutherland's explanation for such conflicts is: "Characterization thus may do nothing more than reflect a judgment concerning validity or interpretation, arrived at on other grounds." Sutherland on Statutory Construction, § 41.01 at 338. For this reason, it is helpful to resort to other applicable principles when possible.
The Importance of the Operative Event
Other principles do, in fact, come to the fore upon a scrutiny of the cases. One such principle appears to be the importance of a determination of what the operative event was that triggered application of the statute in question, and the date upon which it occurred. The Arkansas courts have allowed statutes to operate retroactively, even when they have had the effect of increasing a burden upon the affected party, if the operative event occurred after the effective date of the act.
Relevant to that principle is the fact that the issue about which you have inquired could be implicated by two different scenarios, having differing operative events:
 (1) The scenario in which the check was written prior to the effective date of the act, but the dishonor of the check, the prosecution thereon, and the assessment of the fee occurred after the effective date of the act; and
 (2) The scenario in which the check was written prior to the effective date of the act, and the dishonor of the check, the prosecution thereon, and the assessment of the fee also occurred prior to the effective date of the act.
The difference between these two scenarios is the operative event, and when it occurred. In my opinion, the operative event was the dishonor of the check, the prosecution thereon, and the assessment of the fee, rather than the writing of the check.
The courts appear to be likely to consider the act of the enforcement (or the occurrence of the event that leads to the seeking of enforcement) to be the operative event triggering application of a statute, rather than the occurrence that necessitated enforcement. In Forrest City Mach.Works, supra, for example, the plaintiff was injured on a piece of machinery manufactured by the defendant. The machinery had been manufactured in 1956. In 1973, the legislature enacted a strict liability statute that governed situations like that involved in the case. The plaintiff's injury occurred after the new statute was enacted. Because the machinery had been manufactured negligently, the act of manufacturing it was the occurrence necessitating enforcement of the statute, but it was not the operative event triggering application of the statute. The plaintiff's injury was the occurrence that led to the seeking of enforcement, and was, therefore, the operative event triggering application of the statute. The court held that the new statute applied, despite the fact that it had been enacted nearly twenty years after the machinery in question had been manufactured. The holding was based in part upon the fact that the injury — the operative event — had occurred after the new law was enacted. The Court stated:
 In General Motors v. Tate, 257 Ark. 347, 516 S.W.2d 602 (1974), we thought it would be unfair to relate back this statute when both the manufacture and the accident took place before the act. However in this present case, the accident took place after the statute was enacted. We deem that to be a distinguishing factor. . . .
Forrest City Mach. Works, 273 Ark. at 42. Thus, although the application of the new law technically placed an increased burden on the defendant, the Court held that its retroactive application was appropriate, largely because it was in effect when the plaintiff sought to enforce it.
Similarly, Popeye's Famous Fried Chicken v. Willis, 7 Ark. App. 167,646 S.W.2d 17 (1983), involved newly enacted legislation. The legislature had passed a new law changing the circumstances under which a workers' compensation claimant could be allowed to change doctors at the employer's expense. The claimant in the case was injured prior to the enactment of the statute. After its enactment, she requested that she be allowed to change doctors at the employer's expense, pursuant to the new statute. The employer argued that the statute should not be applied retroactively, because to apply it would be to impose a substantive obligation upon the employer. The Workers' Compensation Commission authorized the change in doctors, holding that the new law should apply retroactively. On appeal, the Court upheld the decision. In so holding, the Court stated:
 Although claimant's injury occurred before [the effective date of the act], the hearing before the law judge, his decision, and the decision of the commission, all occurred after the act had become effective. . . . Thus, when the claimant requested the commission to authorize her to see another doctor, the provisions of [the act] were in effect.
Popeye's Famous Fried Chicken, 7 Ark. App. at 170-71.
Although the retroactive application of the new law did place a burden on the employer that it might not have had to bear in the absence of the statute, the Court held its application to be appropriate, largely because the law was in effect when the claimant sought to enforce it, notwithstanding the fact that it was not in effect when the claimant's injury occurred.
Upon the basis of these holdings, I conclude that the collection of the increased merchant's fee authorized by Acts 335 and 1004 of 1995 is appropriate when the dishonor of the check, the prosecution thereon, and the assessment of the fee occur after the effective date of the act.
Laws That Increase Fees
The law does, in some instances, allow retroactive application of statutes even when the operative events occur prior to the effective date of the act. However, the decisions of this nature appear to be limited to situations that are truly procedural in nature, i.e., situations in which the new law does nothing more than change the manner in which a right is enforced or a remedy is applied. See, e.g., Harrison v. Matthews,235 Ark. 915, 362 S.W.2d 704 (1962) (statute prescribing new method of obtaining personal jurisdiction over a defendant held to be procedural and to apply retroactively). We have found no such cases allowing retroactive application of a law that actually increases the obligation placed upon the affected party, when the operative event has occurred prior to the effective date of the act. In fact, a holding of the Court of Appeals specifically indicates that such a law should not be applied retroactively. In Aluminum Co. of America v. Neal, 4 Ark. App. 11,626 S.W.2d 620 (1982), the Court considered the retroactive application of a newly enacted statute that allowed the Workers' Compensation Commission to order successful claimants to collect their attorneys' fees in a lump sum. (In that case, the operative event that led to the seeking of enforcement of the new law — i.e., the award of attorneys' fees — occurred long before the enactment of the new law.) The Court held that because the statute did not increase the total amount that must be paid, the statute was to be considered procedural, thus making it permissible for the Commission to apply it retroactively. The Court stated:
 No vested right of appellant is disturbed by [the act's] retroactive application, nor is any new obligation created. The total amount of the attorney's fee which appellant is obligated to pay was fixed by the Commission in 1976, and that amount will not be changed by requiring appellant to pay appellees' fee in a lump sum, discounted, of course, to present value.
Aluminum Co. of America, 4 Ark. App. at 15.
The specific implication of this holding, of course, is that an increase in an amount required to be paid would be considered substantive, rather than procedural, and should not be applied retroactively when the operative event has occurred prior to the effective date of the statute.
I therefore conclude that because Acts 335 and 1004 of 1995 do increase the amount required to be paid by persons prosecuted for the writing of bad checks, they may not be applied retroactively if the dishonor of the check, the prosecution thereon, and the assessment of the fee occur prior to the effective date of the acts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh