Mr. Spencer Honey, Director Arkansas Health Services Agency Freeway Medical Tower 5800 West 10th Street, Suite 805 Little Rock, AR 72204
Dear Mr. Honey:
This is in response to your request for an opinion on the following questions:
 1. What is the effective date of Act 1360 of 1997? Specifically, what is the effective date of Section 110?
 2. Does Act 1360 require that child health management services (CHMS) clinics be certified or licensed in order to be exempt from being required to obtain a permit of approval (POA)? If yes, by what date must the clinics have been certified or licensed?
 3. Does Act 1360 require that CHMS satellite programs be certified or licensed in order to be exempt from being required to obtain a permit of approval (POA)? If yes, by what date must the satellite programs have been certified or licensed?
 4. Are CHMS clinics and/or satellites certified between March 1, 1997, and July 1, 1997, required to obtain a permit of approval (POA)?
 5. Are CHMS clinics and/or satellites certified after July 1, 1997, but not in operation, required to obtain a POA before beginning operations?
RESPONSE
Question 1: What is the effective date of Act 1360 of 1997?Specifically, what is the effective date of Section 110?
According to the Emergency Clause, the effective date of the act is July 1, 1997.[1] Acts 1997, No. 1360, § 132. With regard, specifically, to Section 110, however, some analysis is necessary due to the March 1, 1997, date stated therein.
It is my conclusion, as discussed below in response to Question 2, that insofar as certification or licensing of CHMS programs is concerned, those who were certified or licensed on or before July 1, 1997, do not have to obtain a POA from the Health Services Agency. Thus, in my opinion, July 1, 1997, is the effective date of Section 110 for purposes of determining whether a POA is required, notwithstanding the March 1, 1997, date referenced in that section.
Question 2: Does Act 1360 require that child health management services(CHMS) clinics be certified or licensed in order to be exempt from beingrequired to obtain a permit of approval (POA)? If yes, by what date mustthe clinics have been certified or licensed?
It is my opinion that the answer to the first part of this question is "yes." With regard to the date of certification or licensure, it is my opinion that those who were certified or licensed by July 1, 1997, do not have to obtain a POA.
Act 1360 states in relevant part as follows under Section 110:
 SPECIAL LANGUAGE. MEDICAL SERVICES AND MENTAL HEALTH SERVICES. The Division of Medical Services and the Division of Mental Health Services of the Department of Human Services shall exclude the Child Health Management Services (CHMS) Program from any capitated program.
 No organization, person, or entity shall be eligible for CHMS certification or license after March 1, 1997, unless currently licensed or certified as a CHMS provider or having obtained a permit of approval (POA) from the Health Services Agency under the methodology established by that agency. However, a current CHMS program may develop other satellite programs provided that they have obtained a permit of approval (POA) from the Health Services Agency under the methodology established by that agency. A CHMS provider must be certified by the Department of Health to operate a Child Health Management Services Clinic and shall not be required to obtain a license for child care centers by the Department of Human Services — Division of Children and Family Services. All CHMS service codes, code units, and reimbursement rates that are being reimbursed as of March 1, 1997, shall remain in effect unless cost of living increases are granted. [Emphasis added.]
Your question regarding exemption from obtaining a POA requires interpretation of the above-emphasized language concerning current licensure and certification by the Department of Health. The Act clearly requires certification by the Department of Health to operate a CHMS clinic. See language emphasized above regarding "[a] CHMS provider must be certified. . . ." In addressing eligibility, a distinction is drawn between those who are "currently licensed" and those who "[have] obtained a [POA] from the Health Services Agency. . . ." It is my understanding, however, that there was no POA process prior to Act 1360. Thus, although the March 1, 1997, date is somewhat confusing,[2] I interpret this distinction to mean that you are eligible for certification to operate a CHMS clinic if you were licensed or certified on March 1, 1997, as a CHMS provider, or you have a POA from the Health Services Agency.
In response to your specific questions, therefore, the Act seems to provide that in order to be exempt from obtaining a POA, you must have been licensed or certified on March 1, 1997. As noted above, however (n. 2, supra), the Act was not effective until July 1, 1997. What is the effect of the Act on those organizations, persons, or entities who were certified as a CHMS provider after March 1, 1997, but before July 1, 1997? If Act 1360 requires that they obtain a POA, is the Act not being applied retroactively? Is that lawful?
It is generally presumed that all legislation is intended to apply prospectively only, and an intent for retroactive effect must be stated or implied so clearly as to eliminate any doubt. See generally Ark. StateHwy. Comm'n v. Hightower, 238 Ark. 569, 383 S.W.2d 279 (1964); Chism v.Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). Statutes can operate retroactively, so long as they do not disturb contractual or vested rights, or create new obligations. Ark. Dept. of Human Services v.Walters, 315 Ark. 204, 866 S.W.2d 823 (1993), citing Harrison v.Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962). The court has stated that it would violate due process to disturb vested rights or contractual rights. Walters, 315 Ark. at 210.
It seems clear in this instance that Section 110 of Act 1360 would be given retroactive effect if those CHMS providers who were licensed or certified after March 1, 1997, but before July 1, 1997, were required to obtain a POA from the Health Services Agency. Whether or not this in fact was the intent is unclear to me, given my uncertainty regarding the March 1 date. In any event, however, prior to the enactment of Act 1360, a CHMS provider had no reason to think that it was required to obtain a POA. Because retroactive application of Section 110 would, as to such providers, clearly disturb vested rights or impose new obligations, it is my opinion that a court would in all likelihood conclude that it operates prospectively only. In response to your specific question, therefore, it is my opinion that CHMS clinics must have been certified or licensed by July 1, 1997, the effective date of Act 1360, in order to be exempt from being required to obtain a POA.
Question 3: Does Act 1360 require that CHMS satellite programs becertified or licensed in order to be exempt from being required to obtaina permit of approval (POA)? If yes, by what date must the satelliteprograms have been certified or licensed?
Because Section 110 of Act 1360 applies broadly to any "organization, person, or entity," it is my opinion that the above analysis applies as well to satellite programs. Thus, in my opinion, a CHMS satellite program must have been certified or licensed by July 1, 1997, to be exempt from obtaining a POA.
Question 4: Are CHMS clinics and/or satellites certified between March1, 1997, and July 1, 1997, required to obtain a permit of approval(POA)?
It is my opinion that the answer to this question is "no," in accordance with the above discussion regarding the retroactive effect of Section 110.
Question 5: Are CHMS clinics and/or satellites certified after July 1,1997, but not in operation, required to obtain a POA before beginningoperations?
It is my opinion that the answer to this question is "yes." As I read Section 110, giving it prospective effect only, those who were not certified on July 1, 1997, must obtain a POA from the Health Services Agency.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Section 115, which is not relevant to this opinion, was effective from the date of passage of Act 1360. Id. (Emergency Clause).
[2] I have no information regarding the purpose of this date. Act 1360 clearly was not effective on March 1, 1997. It was not approved by the Governor until April 14, 1997. And with only one exception (see n. 1,supra), the Emergency Clause specified July 1, 1997, as the effective date.