David B. Clark, Executive Director Arkansas Fire and Police Pension Review Board P.O. Box 34164 Little Rock, AR 72203
Dear Mr. Baker:
I am writing in response to your request for my opinion on the following question:
 Does Act 1736 of 2003 authorize the board of trustees of a local fire or police pension fund, subject to the conditions stated in the Act, to resume payment of survivor benefits to a surviving spouse of a deceased member whose benefits had been terminated because of remarriage prior to the effect date of Act 1736?
RESPONSE
In my opinion, the answer to this question is "no."
Act 1736 of 2003, which was approved on April 22, 2003 and is currently codified at A.C.A. § 24-11-105, provides:
 The board of trustees of the local fire and police pension funds may elect to continue paying survivor benefits to spouses who remarry after they begin receiving benefits under the plan. However, before the election is effective, the election shall be approved by a majority vote of the governing body of the political subdivision, if any, after the plan meets the requirements for benefit increases under § 24-11-102.
The referenced A.C.A. § 24-11-102 sets forth various review requirements to establish that a proposed increase is actuarially feasible and sets forth the conditions of approval by the governing body of the political subdivision.
I gather that you are concerned that resuming payments discontinued pursuant to former law because a surviving spouse remarried may not be warranted under a new law that only provides for the continuing payments of benefits to a surviving spouse who remarries in the future. Stated differently, you are asking whether Act 1736 applies retroactively to reinstate the benefits of a spouse whose benefits were terminated under previous law because he or she remarried.
As noted above, I believe that Act 1736 does not support reinstating the benefits of the remarried spouse of a deceased police officer or firefighter. It is well established that legislative enactments will ordinarily be deemed to apply prospectively only, unless the intent for retroactive application is clearly expressed. See Abrego v. UnitedPeoples Fed. Sav. Loan, 281 Ark. 308, 315, 664 S.W.2d 858 (1984). Legislation will not be construed as being retroactive if it may reasonably be construed otherwise, and any doubt is resolved against retroactive application. Arkansas Rural Medical Student Loan Scholarship Bd. v. Luter, 292 Ark. 259, 729 S.W.2d 402 (1987). An exception to the general rule of prospective application applies in the case of procedural or remedial legislation that does not disturb vested rights or create new obligations. Harrison v. Matthews, 235 Ark. 915,362 S.W.2d 704 (1962). However, even remedial legislation may not be applied retroactively unless the legislature's intent is so clear, strong and imperative as to have no other meaning. Luter, supra.
In my opinion, Act 1736 is substantive, as opposed to procedural or remedial, legislation. It clearly creates a conditional new obligation — namely, the obligation of the board of trustees of a local fire and police pension fund, upon its election to do so under suitable circumstances and the approval of the governing body of the political subdivision, to provide continuing survivor benefits to spouses even though they remarry after they begin receiving benefits under the plan. Given this fact, I believe the strong presumption in favor of exclusively prospective application of the statute applies.
Your question is analytically indistinguishable from one addressed by one of my predecessors in the attached Ark. Op. Att'y Gen. No. 97-326. At issue in my predecessor's opinion was the possibly retroactive application of Act 1245 of 1997, which amended A.C.A. § 24-11-425(g) by adding the following emphasized language:
 If any surviving spouse or child shall marry, he shall thereafter receive no further pension under this subchapter, except if he is a surviving spouse of a police officer who is killed while in the official performance of his duties.
My predecessor addressed the question of whether this legislation should operate retroactively to restore the eligibility of an individual who had lost her pension benefits because she remarried before the effective date of Act 1245. Applying standard principles of statutory construction, including the presumption that substantive legislation will apply only prospectively, my predecessor observed:
 It is my opinion that the new law was not intended to cover situations in which a remarriage has already occurred under prior law and pension benefits were lost thereby. The act, in my opinion, does not operate to revive all survivor benefits that were previously lost by remarriage. The intention of the legislature, in my opinion, was to "eliminate the marriage penalty" contained in the previous law, and thereby remove the disincentive for survivors receiving pension benefits to remarry. This intention is not furthered by a construction of the act which revives pension benefits of those who have already remarried, and in some cases already divorced. In my opinion the Act applies to remarriages
occurring after the effective date of the act.
I believe this same analysis applies to render ineligible for renewed benefits under Act 1736 of 2003 a spouse who remarried prior to the effective date of that legislation. I am bolstered in this conclusion by the fact A.C.A. § 24-11-105 authorizes a board only to elect "tocontinue paying survivor benefits" (emphasis added) — a coinage that implies that payments have not already ceased.
Significantly, the legislature responded to my predecessor's opinion regarding the operation of Act 1245 of 1997 by enactingAct 978 of 1999,[1] which amended A.C.A. § 24-11-425(g) to provide that the remarried spouse of a police officer killed in the line of duty could apply to have her benefits restored. Section 2 of Act 978 provided:
 The provisions of this act shall apply retroactively to allow certain surviving spouses who lost benefits because of re-marriage to have those benefits restored if their member spouses were killed while in performance of his or her official duties before Act 1241 of 1997
became effective.
In light of this legislative history, I can only assume that the General Assembly was fully aware that Act 1736 would have only prospective effect unless it were expressly declared retroactive.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] The Publisher's Note to A.C.A. § 24-11-425 (Supp. 2003) erroneously identifies this enactment as Act 1458 of 1999.