The Honorable Shirley Borhauer State Representative 23 Kenilworth Drive Bella Vista, AR 72714
Dear Representative Borhauer:
You have requested my opinion on the following question concerning municipal incorporation:
 Can the signatures on a petition for incorporation of a village — gathered in the last 18 months according to the terms of Arkansas Code 14-38-101 (Petition for incorporation) and before the passage of Act 1237 (14-38-115) — be used in a petition for an election on the question of incorporation of that village under the terms of Act 1237?
You ask me to assume in this regard that the "content of cover sheets of the actual petition submitted to the county judge would be in accord with the terms of either part of the code." And you further request that I "note that the intent of the registered voters signing the existing petition would be approximately the same (incorporation of the village) as the voters signing a petition for an election."
RESPONSE
It is my opinion the answer to this question is "no." Petition signatures gathered according to A.C.A. § 14-38-101 (Supp. 2003) cannot, in my opinion, be used in a petition for an election under Act 1237 of 2005. The parties may either petition under the old law using the existing signatures,[1] or they must gather new signatures if they wish to proceed under the new statute (A.C.A. § 14-38-115). I must conclude, however, that the option of a petition under the 2005 act will not be available based on the old signatures.
This conclusion is compelled by the fact that those who signed the petition unquestionably did so in order to apply to the county court for incorporation of the described territory pursuant to A.C.A. § 14-38-101
(Supp. 2003). Indeed, Act 1237 of 2005 was not effective when the petition was signed; nor is it yet effective.[2]
Regarding Act 1237, this act amends Arkansas Code Title 14, Chapter 38 to add a new Code section, A.C.A. § 14-38-115, offering an "alternative method" of incorporation (see Title) that is "in addition to the procedures for incorporating a city or town under §§ 14-38-101 through14-38-108." See Acts 2005, No. 1237, § 1 (adding A.C.A. §14-38-115(a)(1)). Petitioners under the 2005 act will be calling for an election on the question of municipal incorporation, the electors being those persons residing in the territory proposed to be incorporated. Id.
at § 14-38-115(g)(B). If the county judge determines that all of the requirements are met, he or she will "enter an order that . . . [g]rants the petition to hold an election. . . ." Id. (A.C.A. §14-38-115(f)(1)(A)).
In contrast, petitioners under A.C.A. §§ 14-38-101 through 108 seek an order of the county court "to the effect that the city or incorporated town as named and described in the petition may be organized." A.C.A. §14-38-104(a) (Supp. 2003). If the county judge determines that all of the requirements are met and that it is "right and proper" in the court's "judgment and discretion" for the petition to be granted, then an order is entered and a record of the incorporated city or town is made out and certified by the county recorder. See A.C.A. §§ 14-38-104(b), -105, and -107. There is a procedure for challenging the incorporation. A.C.A. §§14-38-106 and -107. But if no complaint is filed, the city or town proceeds to elect officers. A.C.A. § 14-38-105(b).
The distinction between the two incorporation schemes is apparent. Whereas A.C.A. § 14-38-104 appears to vest some measure of discretion in the county judge in granting a petition for incorporation pursuant to that law, (cf. Op. Att'y Gen. 97-234), the new 2005 legislation provides that the county judge "shall approve the petition of incorporation" after it has been ratified by a majority of the voters and the county clerk has certified the election results. (A.C.A. § 14-38-115(h)(1)(a) and (B), as added by Acts 2005, No. 1237, § 1). It clearly is within the legislature's power to establish these separate schemes of municipal incorporation. See Ark. Const. art. 12, § 3 (stating that "[t]he General Assembly shall provide, by general laws, for the organization of cities . . . and incorporated towns. . . .") See also generally 62 C.J.S.Municipal Corporations §§ 11 and 12 (1949) (noting with regard to the organization of municipal corporations that the creation of municipalities is a political act, within the power and discretion of the legislature; and that the state may prescribe the manner in which, and the method by which, its legislative creatures may be created. Id. at § 12).
The fact of the two separate schemes is conclusive of your question in my opinion. To conclude otherwise would essentially give retroactive effect to Act 1237 of 2005, contrary to the general rule of prospective application of legislative enactments. See generally Abrego v. UnitedPeoples Fed. Sav. Loan, 281 Ark. 308, 315, 664 S.W.2d 858 (1984). Although an exception to this rule applies in the case of "procedural or remedial legislation" (see generally Harrison v. Matthews, 235 Ark. 915,362 S.W.2d 704 (1962)), I believe it is clear that the general rule rather than the exception applies in this instance. Act 1237 is not merely procedural or remedial in nature, but rather creates a new method of incorporation that differs substantively from A.C.A. §§ 14-38-101 — 108. This dictates against its retroactive effect. See generally GannettRiver States Pub. Co. v. Arkansas Indust. Development Com'n,303 Ark. 684, 799 S.W.2d 543 (1990) (observing that although the presumption against retroactive application can be overridden with regard to procedural legislation, it will not be overridden with regard to substantive legislation.) Additionally, it must be recognized that those who signed the existing petition did so with the presumed understanding that the petition would be acted upon by the county judge alone (unless an appeal ensued). This may give rise to so-called "vested rights" that may not be disturbed through a retroactive operation of legislation. Seegenerally Harrison, supra. This principle would arguably apply notwithstanding the fact that those signing the § 14-38-101 petition may have the same incorporation goal as reflected in a petition filed at some later point pursuant to Act 1237.
It is also relevant to note, finally, that the rule against retroactive operation applies especially with reference to amendatory acts. Lucas v.Hancock, 266 Ark. 162, 583 S.W.2d 491 (1979).
It is my conclusion for the foregoing reasons that signatures on a petition gathered under A.C.A. § 14-38-101 may not be used in a petition for incorporation pursuant to Act 1237 of 2005.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] This assumes of course that the petition is sufficient under A.C.A. § 14-38-101. See Op. Att'y Gen. 2004-293 (discussing an effort to petition for incorporation of Bella Vista Village).
[2] The act contains no emergency clause. Accordingly, it will become effective ninety days after final adjournment of the current legislative session. See Ark. Const. amend. 7 and Fulkerson v. Refunding Board,201 Ark. 957, 147 S.W.2d 980 (1941).