ESTATE OF Helen H. WOOD, Deceased
*v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES

94-940                                    894 S.W.2d 573

Supreme Court of Arkansas
Opinion delivered March 6, 1995

*Howard L. Slinkard, P.A.*, by: *William T. Hass*, for appellant.

*C. Norton Bray*, for appellee.

DAVID NEWBERN, Justice. Act 415 of 1993 permits the Arkansas Department of Human Services (DHS) to make a claim against a decedent's estate for medicaid payments made on the decedent's behalf prior to death. The Act became effective August 15, 1993. Helen H. Wood died October 4, 1993. The Probate Court allowed DHS's claim against Ms. Wood's estate for $16,697.02 which represented medicaid nursing home payments made between December 26, 1991, and October 4, 1993. The question before us is whether the award constituted a retroactive application of Act 415. We hold the Act was applied retroactively and that it should not have been so applied. We reverse and remand the judgment.

## 1. Jurisdiction

Subject matter jurisdiction has not been raised as an issue by the parties, but we have considered it. We hold the Probate Court had jurisdiction to consider the claim. The leading modern case on the subject is *Hilburn* v. *First State Bank of Spring-*

*dale,* 259 Ark. 569, 535 S.W.2d 810 (1976). There we held the Probate Court lacked jurisdiction to entertain the claim of a person contesting title to property asserted to be part of the estate by a decedent's personal representative. We pointed out the limited authority of the Probate Court and noted that the plaintiff was "not an heir, distributee or devisee . . . or a beneficiary of, or *claimant against,* [the] . . . estate. She was a 'third person,' *i.e.,* a stranger to the estate. [Emphasis supplied.]"

In the case now before us, it is very clear that DHS is a claimant against the estate. Our Probate Code permits a probate court to adjudicate claims against the estate, Ark. Code Ann. § 28-50-105(a)(4) (Supp. 1993), and the General Assembly has specifically stated that DHS may assert such a claim against the estate by the language of Act 415, codified as Ark. Code Ann. § 20-76-436 (Supp. 1993) which is as follows:

> Federal or state benefits in cash or in kind, including, but not limited to, Medicaid, . . . paid by the Department of Human Services . . . for services rendered, shall, upon the death of the recipient, constitute a debt to be paid. The Department of Human Services may make a claim against the estate of a deceased recipient for the amount of any benefit distributed or paid, or charges levied, by the Department of Human Services.

The Act merely creates a debt upon the death of the recipient of medicaid payments which may be asserted as a claim against the estate. Unlike the *Hilburn* case, we are not concerned with an issue of title to property in the estate. Nor are we concerned with the Probate Court lacking jurisdiction because a remedy sought is equitable and thus to be pursued only in a chancery court as in *Arkansas State Employees Ins. Advisory Comm.* v. *Estate of Manning,* 316 Ark. 143, 870 S.W.2d 748 (1994).

Also to be distinguished is our recent case of *Arkansas Dep't of Human Services* v. *Estate of Hogan,* 314 Ark. 19, 858 S.W.2d 105 (1993). There we held that it was proper for the Probate Court to approve a guardian's settlement of her ward's tort claim but that the Court exceeded its jurisdiction when it held that a trust created by the settlement was not a medicaid qualifying trust. The point of that decision was that whether or not the trust, which was created by the settlement, was a medicaid qualifying

trust was a question ancillary and irrelevant to the propriety of the tort claim settlement with respect to which the Probate Court did have authority.

■ The claim against the estate of Ms. Wood by DHS is just that. Our Constitution grants Probate Courts "exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons . . . as is now vested in courts of probate, or may be hereafter prescribed by law." Ark. Const. art. 7, § 34. As noted above, § 28-50-105(a)(4) gives the Probate Court authority to adjudicate claims against a decedent's estate, and Act 415 specifically permits the claim now under consideration. There is no lack of subject matter jurisdiction in the Probate Court.

## 2. Retroactivity

DHS agrees Ms. Wood was entitled to have the payments made on her behalf on the dates they were made. It points out that a medicaid recipient may claim certain real and personal property to be exempt from consideration as an available asset when eligibility for medicaid is determined. The implication is that, while a medicaid recipient may exempt those assets and thus be eligible for medicaid payments during her lifetime, upon the death of the medicaid recipient the items exempted during the life of the recipient are no longer exempt.

According to the estate, the statute created a new right which allows DHS to file a claim against the estate of a benefit recipient. As that right did not exist prior to Act 415, and the Act does not state that it is remedial, the estate submits that it can not be applied retroactively.

DHS responds that Act 415 is remedial in nature because it was enacted to meet the requirements of the Omnibus Budget Reconciliation Act of 1990 and to help put the Arkansas Medicaid plan on a better financial basis. Further, DHS contends Act 415 may be applied retroactively because it does not disturb the vested rights of any person, but only seeks to recover from the Estate of the deceased.

■■ It is presumed that all legislation is intended to apply prospectively only. *Chism* v. *Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958). Any interpretation of an act must be aimed at determining whether retroactive effect is stated or implied so clearly

and unequivocally as to eliminate any doubt. In determining legislative intent, courts observe a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it, to operate prospectively only and not retroactively. *See Arkansas Rural Medical Practice Student Loan & Scholarship Bd.* v. *Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987). A contrary determination will be made where the intention of the legislature to make the statute retroactive is stated in express terms, or is clearly, explicitly, positively, unequivocally, unmistakably, and unambiguously shown by necessary implication or by terms which permit no other meaning to be annexed to them, and which preclude all question in regard thereto, and leave no reasonable doubt thereof. *See Arkansas State Highway Comm'n* v. *Hightower*, 238 Ark. 569, 383 S.W.2d 279 (1964); *Arkansas Rural Medical Practice Student Loan & Scholarship Bd.* v. *Luter, supra.*

The rule by which statutes are construed to operate prospectively does not, however, ordinarily apply to procedural or remedial legislation. *See Forrest City Machine Works* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981). The strict rule of construction does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. *Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962).

Act 415 appears to create a new legal right which allows DHS to file a claim against the estate of a deceased. If this is a new right, or if the statute places a new obligation on recipients, the statute is not remedial. As we see the change in the law, it affected a vested interest in Ms. Wood. Prior to the enactment she had no reason to consider the medicaid payments as anything other than an outright entitlement. After the enactment it was as if she had a loan from DHS to be repaid from the assets of her estate. Although DHS argues that the operative date of the effect of the Act was the date of Ms. Wood's death, it is clear to us that it affected her property right prior to her death.

As the General Assembly did not state that the Act was to be applied retroactively, the only basis upon which we might approve retroactive application is its "remedial" nature.

Despite the laudable legislative intent argued by DHS, the Act is not "remedial" in the sense required to allow its retroactive application. To apply the Act in this instance would not merely recognize a new remedy for a previously existing right on the part of DHS. As noted above, the authority to collect medicaid payments from a decedent's estate is new, and in Ms. Wood's case, it had an effect on the nature of the ownership of the DHS payments made on her behalf. We, therefore, reverse and remand the case for entry of an order consistent with this opinion.

Reversed and remanded.