Mr. Kie D. Hall, Executive Director Arkansas Public Employees Retirement System One Union National Plaza 124 West Capitol Little Rock, Arkansas 72201
Dear Mr. Hall:
This is in response to your request for an opinion on the eligibility of an elected county sheriff who is receiving retirement benefits from the Arkansas State Police Retirement System to purchase credited service as a sheriff in the Arkansas Public Employees Retirement System ("APERS") for time served as sheriff prior to the effective date of Act 846 of 1995, which authorized the sheriff to participate in APERS.
It is my opinion, as more fully explained below, that no current provision of law authorizes the purchase of such service, and as such, it is not currently authorized by law.
Some explanation is necessary. Prior to 1995, the relevant statutes relating to APERS membership excluded any persons who were members of, or who were eligible for benefits under any other retirement system supported by state funds or authorized by the laws of the state (with certain exceptions). See generally, A.C.A. § 24-4-101(7)(B). Prior to 1995, this prohibition included persons in the employ of the Arkansas State Police who were members of or who were eligible for benefits under the State Police Retirement System. See A.C.A. § 24-4-101(7)(B)(i). These persons were not eligible for membership in APERS, and this prohibition would include a person receiving retirement benefits from the Arkansas State Police Retirement System who was later elected as county sheriff of a county, a normally participating APERS employer. A.C.A. §24-4-101(7)(B). The law was changed, however, by Act 846 of 1995, which authorized such persons to participate in APERS. That act is entitled "AN ACT to Amend Arkansas Code § 24-4-101 to Permit Elected County Sheriffs to Be Members or Retirants of the State Police Retirement System and to Accumulate Credited Service in the Public Employees Retirement System; and for Other Purposes." The act was effective on July 28, 1995. See Op. Att'y Gen. 95-119. The act, however, is not retroactive, and thus does not address such person's service as a county sheriff prior to the effective date.[1] The Act allows an elected county sheriff to "accumulate credited service" in APERS after the effective date. Seeagain, Title, Act 846 of 1995.[2] No provision is made for purchasing credited service prior to the effective date of the Act, and I can find no other provision of law which would authorize such purchase.
It is therefore my opinion that current law does not authorize the purchase of service as sheriff prior to the effective date of Act 846. New legislation would be necessary to accomplish this result.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is presumed in Arkansas that all legislation is intended to apply prospectively only. Estate of Wood v. Arkansas Department of HumanServices, 319 Ark. 697, 894 S.W.2d 573 (1995). A statute will apply retroactively only if stated in express terms, or if it is clearly, explicitly, positively, unequivocally, unmistakably, and unambiguously shown by necessary implication or by terms to permit no other meaning, and which precludes all questions and leaves no reasonable doubt. Id.
[2] Although the title is no part of an act, a court may refer to it in order to ascertain the intent of the General Assembly. See Routh WreckerService, Inc. v. Wins, 312 Ark. 123, 847 S.W.2d 707 (1993).