Mr. David Eberdt, Director Arkansas Crime Information Center One Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Eberdt:
This is in response to your request for on opinion on seven questions concerning the Arkansas Crime Information Center (ACIC). Your questions are restated and addressed below.
Question 1 — Do the requirements of Act 1250 of 1997, that ACIC developand operate a notification system, permit ACIC to contract for such anotification system to be operated by a private company?
A conclusive response to your question would require a review of all the facts surrounding the agreement with the private company, including the terms of the agreement. It is, however, my opinion that the ACIC generally may contract with a private company concerning the development and operation of a notification system. Section 1 of Act 1250 of 1997 provides:
 The Arkansas Crime Information Center is authorized to develop and operate a computerized victim notification system, which shall provide a mechanism for victims of criminal offenses or the victim's next of kin to access information about proceedings in the criminal justice and corrections systems by use of a twenty-four-hour toll-free in-watts telephone service and which shall provide automatic notification by computerized telephone service to the victims of criminal offenses or the victim's next of kin about an inmate's custody status, including the location of the inmate.
The beginning point in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Mountain Home Sch. Dist. v. T.M.J.Builders, 313 Ark. 661, 858 S.W.2d 74 (1993). In my opinion, the authorization to "develop and operate" is broad enough to contemplate that ACIC might contract with a private company regarding the victim notification system. Common sense dictates that an agency, such as the ACIC, most likely will not possess the resources necessary to "develop and operate" such a system without contracting with some other agency or a private company. This conclusion is supported by the appropriations act for the ACIC (Act 911 of 1997) which clearly indicates that the legislature intended to permit the ACIC to contract with private individuals and companies. Section 10 of Act 911 provides in part that of the total amount authorized in the act for "Professional Fees and Services," the ACIC "shall allocate up to $500,000 in fiscal year 1997-98 and $400,000 in fiscal year 1998-99 for the development and implementation of a statewide automated victim notification system."
Question 2 — Under the provisions of Act 1250, would victims of criminaloffenses include only victims of felony offenses, or victims of bothfelony and misdemeanor offenses?
Question 3 — If misdemeanor offenses are included, would they be onlyclass A misdemeanor offenses, or other misdemeanor offenses as well?
The phrase "victims of criminal offenses" is not defined in Act 1250. In the absence of a legislatively or judicially formulated definition, the Office of the Attorney General, being a component of the executive branch of government, is not authorized to provide a controlling definition.See Ops. Att'y Gen. 96-235, 96-226, 96-142. Thus, I cannot opine conclusively in response to your question.
Nevertheless, it may reasonably be concluded that the courts would interpret the phrase to include the victims of all criminal offenses, including any misdemeanor offense. The primary rule in the construction of an act is to ascertain and give effect to the intent of the legislature. Thomas v. Cornell, 316 Ark. 366, 872 S.W.2d 370 (1994). Had the legislature intended to limit the benefits of the notification system only to the victims of felony offenses, then it could have easily so stated. Further, the state criminal code, at A.C.A. § 5-1-105(a), provides: "An offense is conduct for which a sentence to a term of imprisonment or fine or both is authorized by statute." Offenses are classified as either felonies, misdemeanors, or violations. A.C.A. §5-1-105(b).
Question 4 — Do the provisions of Act 738 of 1997 apply to individualscharged or arrested prior to the effective date of the act?
In my opinion, the answer to your question is "yes." Act 738 provides in part:
 Any individual who has been charged and arrested for any criminal offense and the charges are subsequently nolle prossed, dismissed, or the individual is acquitted at trial is eligible to have all arrest records, petitions, orders, docket sheets, and any other documents relating to the case expunged in accordance with the procedures defined by § 16-90-901 et seq. and upon entry of an order of expungement may state that no such charges, arrest and the resulting trial ever occurred.
Act 738 of 1997, § 1. An act is generally construed to operate prospectively only and not retroactively. See Estate of Wood v. ArkansasDep't of Hmn. Serv., 319 Ark. 697, 894 S.W.2d 573 (1995). Legislation, however, is "not rendered retroactive merely because the facts upon which its subsequent action depends are drawn from a time antecedent to its effective date." 2 Sutherland Stat. Const. § 41.01 (5th ed.); 73 Am Jur 2d Statutes § 348 (1974); Alexander v. Robinson, 756 F.2d 1153
(5th Cir. 1985). In my opinion, application of Act 738 to individuals charged and arrested prior to the effective date is a prospective application of Act 738.[1] After the effective date of Act 738, any individual who was charged and arrested for any criminal offense, where the charges were subsequently nolle prossed or dismissed, or the individual was acquitted at trial, may seek to have his or her criminal records expunged. The application of Act 738 to such individuals, regardless of when charged and arrested, is a prospective application of the act. See generally Finley v. State,282 Ark. 146, 666 S.W.2d 701 (1984) (statute providing that any person who had been convicted of a felony could not possess or own a firearm was applied to defendant even though underlying felony offense was committed prior to passage of act).
Question 5 — Under Act 738, if a case is nolle prossed, does thatindividual have to wait a year before seeking to have their case sealedunder the procedures defined in A.C.A. § 16-90-901 et seq.?
In my opinion, the answer to this question is "no." I assume that your concern regarding a one year waiting period is based upon either the rules governing speedy trial or the definition of "nonconviction information" found in the statutes governing the ACIC. If a prosecuting attorney declares that he or she will not prosecute a charge, the prosecuting attorney ordinarily may refile the charges at a later date. An individual, however, is generally entitled to have charges dismissed with an absolute bar to prosecution if not brought to trial within twelve months.[2] See Ark. R. Crim. Proc. 28.1. With regard to the compilation of information by the ACIC, "`nonconviction information' means arrest information without disposition if an interval of one (1) year has elapsed from the date of arrest and no active prosecution of the charge is pending, as well as all acquittals and all dismissals." A.C.A. §12-12-1003(12).
It is clear that an individual who was charged and arrested for a criminal offense, where the charges were subsequently nolle prossed, is eligible under Act 738 to have his criminal records sealed in accordance with A.C.A. § 16-90-901 et seq. Act 738 does not impose any waiting period prior to beginning the procedures outlined in A.C.A. § 16-90-901 etseq. Specifically, neither the one year period referred to in A.C.A. §12-12-1003 nor the rules of speedy trial are relevant to whether a person may seek to have his records expunged in accordance with Act 738 and A.C.A. § 16-90-901 et seq.[3]
Question 6 — Do Circuit and/or Municipal Courts have the authority toorder the removal of arrest records from the ACIC system which ACIC isrequired by A.C.A. §§ 12-12-207(d) and 12-12-1004 to maintain?
It is my understanding that you are concerned with the removal of arrest records in situations where a person is arrested and fingerprinted, but the charges are withdrawn before a court appearance or before an information is filed. Because of the broad scope of your question, I must state that circuit and municipal courts might sometimes have the authority to issue such an order. As a general matter, however, the courts have no statutory authority to order the removal of the records.
It is the duty of the judicial branch to construe the Constitution and legislative enactments. Based upon the limited information that I have been provided, it is impossible to address all the facts and circumstances under which a court might have authority to order the removal of such records. For example, it is conceivable that an individual could commence an action based upon constitutional grounds, such as the right to privacy, and challenge the legality of the retention of the arrest records, including fingerprints. See generally ArkansasDep't of Human Servs. v. Heath, 312 Ark. 206, 848 S.W.2d 927 (1993),citing Eddy v. Moore, 487 P.2d 211 (Wash.App. 1971). Whether a court has the authority to order removal of records would depend on the facts and circumstances present in the particular case.
It is, nevertheless, my opinion that there is no express statutory authority for a circuit court or a municipal court to order the removal
of arrest records from the ACIC system.[4] Initially, it should be noted that A.C.A. § 12-12-1004 requires the ACIC to maintain all information reported pursuant to § 12-12-1001 et seq. in a complete and permanent manner, to ensure that no records are altered, purged, or otherwise lost. Arkansas Code Annotated § 12-12-1001 et seq. clearly contemplate that the ACIC will maintain records on individuals who were arrested, but who were released after arrest without the filing of a charge. Section 12-12-1007 specifies certain events that must be reported to the ACIC, and these events include (1) an arrest, (2) the release of a person after arrest without filing of a charge, and (3) a decision by a prosecutor not to commence criminal proceedings or to defer or indefinitely postpone prosecution. Further, as previously stated, "nonconviction information" means arrest information without disposition if an interval of one year has elapsed from the date of arrest and no active prosecution of the charge is pending. A.C.A. § 12-12-1001(12). The ACIC is authorized to disclose such nonconviction information to criminal justice agencies. A.C.A. § 12-12-1008(a). Thus, it is clear that the legislature did not intend for the ACIC to remove records on individuals who were arrested, even though the charges were subsequently withdrawn. I have found no statutory authority that authorizes a circuit or municipal court to order the removal of such records.[5]
Question 7 — If so, do they have authority to order the removal of arrestrecords from ACIC in matters not before their court by way of Informationor other official filing document?
Please see my response to question six.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 738 of 1997 did not contain an emergency clause or a specified effective date; therefore, it became effective on August 1, 1997. See
Op. Att'y Gen. 97-144.
[2] The entering of a nolle prosequi does not toll the running of the speedy trial rule absent a showing of good cause for the period of delay.State v. Washington, 273 Ark. 82, 617 S.W.2d 3 (1981); Ark. R. Crim. Proc. 28.3(f).
[3] Under A.C.A. § 16-90-901 et seq., records are simply sealed; expunge generally does not mean the physical destruction of any records. Further, the sealed records may be released to the prosecuting attorney if the request is being made in conjunction with the prosecution of an offense. A.C.A. § 16-90-903 (Supp. 1995).
[4] Under A.C.A. § 9-27-320(d), in any case where a juvenile is found not to have committed the alleged delinquent act, the juvenile court may order any law enforcement agency to return all pictures and fingerprints to the juvenile court.
[5] It should be noted that under Act 738 of 1997 certain individuals may seek to have their arrest records "expunged" in accordance with A.C.A. § 16-90-901 et seq. Section 16-90-904 permits the court in the county where the crime was committed to enter an order sealing the records. Upon notification of an order to seal records, all criminal justice agencies maintaining such records in a computer-generated database shall either segregate the entire record or ensure that the sealed record is not available for general access. Id. It thus appears that the legislature intended to permit a court to seal such records, as opposed to ordering the removal of such records.