The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion on police pension laws. Specifically, your question involves the eligibility of a surviving spouse to continue to receive survivor benefits after remarriage. You note that Act 1241 of 1997 amended the law in this regard, but questions have arisen as to whether the amendment is "retroactive" and would apply to deaths and/or remarriages occurring prior to its effective date. You have attached a letter from the secretary of a local police pension fund inquiring as to the applicability of Act 1241 to a particular set of facts.
A recitation of the previous law and the 1997 amendment will be helpful in addressing your question. Previous law provided that: "If any surviving spouse or child shall marry, he shall thereafter receive no further pension under this subchapter." See former A.C.A. §24-11-425(g). The new act, Act 1241 of 1997, is entitled "An Act to Amend Arkansas Code § 24-11-425 to Eliminate the Marriage Penalty for Surviving Spouses and Children of Deceased Police Officers Killed While on Duty. . . ." The act amended § 24-11-425(g) by adding the following emphasized language: "If any surviving spouse or child shall marry, he shall thereafter receive no further pension under this subchapter, exceptif he is a surviving spouse of a police officer who is killed while in theofficial performance of his duties." The act contained no emergency clause and became effective August 1, 1997. See Op. Att'y Gen. 97-144.
Your question involves the application of this new law to facts which reflect a surviving spouse whose husband was killed in the line of duty. The spouse thereafter remarried, and under the old law, lost her pension benefits. She later divorced, but again, the old law did not allow for a reinstatement of her survivor benefits.[1] Your question is now whether the new law would authorize the local pension board to reinstate this surviving spouses benefits, or as you phrase the question, "whether or not Act 1241 is or can be applied retroactively, or is it simply prospective and applies to widows of officers killed in the line of duty after August 1, 1997."
It is my opinion that the new law was not intended to cover situations in which a remarriage has already occurred under prior law and pension benefits were lost thereby. The act, in my opinion, does not operate to revive all survivor benefits that were previously lost by remarriage. The intention of the legislature, in my opinion, was to "eliminate the marriage penalty" contained in the previous law, and thereby remove the disincentive for survivors receiving pension benefits to remarry. This intention is not furthered by a construction of the act which revives pension benefits of those who have already remarried, and in some cases already divorced. In my opinion the Act applies to remarriages occurring after the effective date of the act. These conclusions are buttressed by the applicable rules of statutory construction.
The applicable principles in this regard can be summarized as follows: Statutes are generally presumed to operate prospectively only and will be so construed unless retroactive application is expressly provided for or "implied so clearly and unequivocally as to eliminate any doubt." Estateof Wood v. Arkansas Dep't of Human Serv., 319 Ark. 697, 700-701,894 S.W.2d 573 (1995). The presumption of prospective operation only is particularly applicable to legislation that, like Act 1241, amends existing law. Lucas v. Hancock, 266 Ark. 142, 583 S.W.2d 491 (1979). As stated in Sutherland Statutory Construction, Vol. 1A, § 22.36:
 In determining the effect of an amendatory act on transactions and events completed prior to its enactment, it is necessary to distinguish between provisions added to the original act by the amendment, provisions of the original act repealed by the amendment, and provisions of the original act reenacted thereby. In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.
Id. at 200 (emphasis added).
Act 1241 of 1997 contains no express statement that it is to apply retroactively, nor is retroactive application clearly implied. While the "strict rule of construction against retroactive operation" does not apply to procedural or remedial legislation (Estate of Wood, supra, at 701), it is my opinion that Act 1241 is substantive legislation to which the presumption does apply. Statutory provisions are considered to be procedural in nature if they operate only to supply a new or more appropriate remedy to enforce an existing right or obligation. Harrisonv. Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962). Substantive legislation, on the other hand, is that which creates new rights or extinguishes old ones. Gannett River States Publishing Co. v. ArkansasIndus. Development Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990). Substantive legislation is also that which creates new obligations.Alexander v. Lee Way Motor Freight, 15 Ark. App. 41, 689 S.W.2d 3
(1985).
For the foregoing reasons, it is my opinion that Act 1241 is not retroactive. It applies, in my opinion to remarriages that occur after August 1, 1997.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See, e.g., Op. Att'y Gen. 92-298, 90-107 and 86-057 (while valid annulment may restore rights to survivor benefits, divorce does not).