Mr. Larry Dunklin, Chairman Crime Victims Reparations Board 323 Center, Suite 200 Little Rock, AR 72201
Dear Mr. Dunklin:
This is in response to your request for an opinion on the following two questions regarding Act 887 of 1997 which is entitled, in relevant part, "An Act to Amend Arkansas Code Annotated § 16-90-703 to Change the Definition of `Victim' . . .":
 1. Whether persons who fall within the expanded definition of `victim' in Act 887 of 1997 are eligible for reparations under the Crime Victims Reparations Act, A.C.A. § 16-90-701 et seq., where the incident which lead to their victimization occurred prior to the effective date of Act 887 of 1997?
 2. If the answer to question (1) is yes, must such person's application for reparations be filed after the effective date of Act 887 of 1997?
It is my opinion that the answer to your first question is "no." A response to your second question is therefore unnecessary.
A finding of eligibility for one who was victimized before the effective date of Act 887 and who now meets the definition of "victim" under the act would, in my opinion, give retroactive application to Act 887. It must be concluded, however, that neither the language of the act nor the applicable rules of statutory construction support such an application.
In construing statutes, it is the duty of the court to ascertain the intention of the legislature. Steele v. Gann, 197 Ark. 480,123 S.W.2d 520 (1939). Thus, the first place one must look to determine whether Act 887 of 1997 is to have retroactive effect is the act itself. If an intention is clearly expressed that a legislative enactment be either retroactive or prospective only, that intention will ordinarily be given effect. I cannot, however, glean any satisfactory evidence of legislative intent from the language of Act 887. The act simply does not speak to whether it is to be applied retroactively or prospectively. Resort to applicable rules of statutory construction is therefore necessary.
The applicable principles in this regard can be summarized as follows: Statutes are generally presumed to operate prospectively only and will be so construed unless retroactive application is expressly provided for or "implied so clearly and unequivocally as to eliminate any doubt." Estateof Wood v. Arkansas Dep't of Human Serv., 319 Ark. 697, 700-701,894 S.W.2d 573 (1995). The presumption of prospective operation only is particularly applicable to legislation that, like Act 887, amends existing law. Lucas v. Hancock, 266 Ark. 142, 583 S.W.2d 491 (1979). As stated inSutherland Statutory Construction, Vol. 1A, § 22.36:
 In determining the effect of an amendatory act on transactions and events completed prior to its enactment, it is necessary to distinguish between provisions added to the original act by the amendment, provisions of the original act repealed by the amendment, and provisions of the original act reenacted thereby. In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment.
Id. at 200 (emphasis added).
Act 887 of 1997 contains no express statement that it is to apply retroactively, nor is retroactive application clearly implied. While the "strict rule of construction against retroactive operation" does not apply to procedural or remedial legislation (Estate of Wood, supra, at 701), it is my opinion that Act 887 is substantive legislation to which the presumption does apply. Statutory provisions are considered to be procedural in nature if they operate only to supply a new or more appropriate remedy to enforce an existing right or obligation. Harrisonv. Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962). Substantive legislation, on the other hand, is that which creates new rights or extinguishes old ones. Gannett River States Publishing Co. v. ArkansasIndus. Development Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990). Substantive legislation is also that which creates new obligations.Alexander v. Lee Way Motor Freight, 15 Ark. App. 41, 689 S.W.2d 3
(1985).
Act 887 clearly creates new rights as well as new obligations by redefining the term "victim" to include immediate family members of certain victims and those persons who resided in the same household as a deceased victim. See A.C.A. § 16-90-703(2), as amended by Section 1 of Act 887 of 1997. Accordingly, I must conclude that the act is substantive rather than procedural legislation. Because it is substantive, amendatory legislation that does not expressly provide or clearly imply that it should apply retroactively, Act 887 must, in my opinion, be applied prospectively only. This would preclude eligibility for persons who fall within the new definition of "victim," but who were victimized prior to the effective date of Act 887.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh