# EMPLOYERS SURPLUS INSURANCE COMPANY *v.* MURPHY OIL USA, INC.

98-1505 993 S.W.2d 481

Supreme Court of Arkansas
Opinion delivered July 1, 1999

*James & Carter, PLC*, by: *Daniel R. Carter*; Of Counsel: *Rogers, Towers, Bailey, Jones & Gay*, by: *G. Kenneth Norrie* and *Cheryl L. Worman*; and *Christie, Pabarue, Mortensen & Young, P.A.*, by: *James W. Christie*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *M. Samuel Jones, III*, and *Claire Shows Hancock*; *James E. Baine*; and *Compton, Prewett, Thomas & Hickey, P.A.*, by: *Robert C. Compton*, for appellee.

A NNABELLE CLINTON IMBER, Justice. This is the second appeal in this case. Employers' Surplus Lines Insurance Company ("ESLIC") makes several arguments in support of its contention in this appeal that the trial court erred when it denied ESLIC's motion for attorney's fees. We find no merit in ESLIC's arguments and affirm the trial court.

In the first appeal, we briefly summarized the history of this case as follows:

> Murphy Oil USA, Inc., the appellee, filed suit in Union County against a number of its insurance carriers seeking a declaration that the carriers were obligated under certain general comprehensive liability ("CGL") policies to indemnify Murphy Oil for a judgment for compensatory and punitive damages previously rendered against it in a federal district court in Alabama. Prior to trial in Union County, certain insurance carriers settled with Murphy Oil, and others, such as Lloyd's of London and Century

Indemnity Company (formerly California Union Insurance Company), won summary judgment and were dismissed from the case. The Union County jury returned a verdict in Murphy Oil's favor on its indemnification claims against appellants Unigard Insurance Company and Employers Surplus Lines Insurance Company ("ESLIC") but found against Murphy Oil on its indemnification claim against Associated International Insurance Company.

*Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 331 Ark. 211, 962 S.W.2d 735 (1998). After judgment was entered in favor of Murphy Oil but before this court's decision in the first appeal, Murphy Oil, as the prevailing party, filed a motion for attorney's fees pursuant to Ark. Code Ann. § 23-79-208 (Repl. 1992), and also pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1994). In its motion for attorney's fees, Murphy Oil asserted that the "action was commenced for damages for breach of contract and declaratory relief against certain of its insurance companies, including ESLIC and Unigard, which refused to provide insurance coverage for liabilities incurred by Murphy arising out of environmental damages." The trial court conducted a hearing on Murphy Oil's motion and entered an order on May 16, 1996, awarding Murphy Oil a net judgment for attorney's fees in the amount of $1,714,000. Shortly thereafter, the trial court amended the May 16, 1996 judgment to reflect that the judgment for attorney's fees in favor of Murphy Oil was against ESLIC and Unigard.

On January 29, 1998, this court held that none of the policies involved in this case covered Murphy Oil's liability, and we reversed the judgment against Unigard and ESLIC and dismissed. *See Unigard, supra.* On March 19, 1998, Unigard and ESLIC, as the prevailing parties in an action for breach of contract, filed motions for attorney's fees pursuant to Ark. Code Ann. § 16-22-308. Associated International filed a similar motion for reconsideration of its earlier request for attorney's fees on June 17, 1998. Murphy Oil opposed these motions for attorney's fees by the insurance companies on two grounds: 1) that the Insurance Code's specific provision for attorney's fees in § 23-79-208, which would take precedence over the general fee-shifting provision in § 16-22-308, did not provide for the award of fees to insurance companies; and 2) that this court's determination that none of the

insurance policies provided coverage was tantamount to a declaratory judgment.

■ On June 22, 1998, the trial court conducted a hearing on the motions for attorney's fees filed by Unigard, ESLIC, and Associated International. The trial court awarded attorney's fees totaling $1,200,000 to the insurance companies based upon a decision handed down by this court on June 11, 1998, in *Village Market, Inc. v. State Farm Gen. Ins. Co.*, 333 Ark. 552, 970 S.W.2d 243 (1998) (*Village Market I*). In *Village Market I*, we held that where an insurance company is the prevailing party in a breach-of-contract action with an insured, it may be awarded an attorney's fee under Ark. Code Ann. § 16-22-308. *Id.* At Murphy Oil's request, the trial court withheld entry of an order until after this court ruled on a petition for rehearing in *Village Market I*. On July 16, 1998, we granted Village Market's petition for rehearing and held that Ark. Code Ann. § 16-22-308 does not permit an insurer to recover attorney's fees as the prevailing party in an action by an insured seeking recovery for a claim under his or her policy. *Village Market, Inc. v. State Farm Gen. Ins. Co.*, 334 Ark. 227, 975 S.W.2d 86 (1998) (*Village Market II*). Based upon this court's holding in *Village Market II*, the trial court entered an order on September 4, 1998, that vacated its original award of attorney's fees and denied the motions for attorney's fees filed by Unigard, ESLIC, and Associated International. Unigard, Associated International, and ESLIC all appealed. However, prior to submission we granted a motion to dismiss appeal filed by Unigard and Associated International. The sole remaining appellant, ESLIC, asserts several grounds for reversal.

■ First, ESLIC argues that Ark. Code Ann. § 16-22-308 allows the discretionary award of attorney's fees to a prevailing insurer in an action for breach of contract. Section 16-22-308 provides that:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a

reasonable attorney fee to be assessed by the court and collected as costs.

We rejected this argument in *Village Market II, supra*:

> Because attorney's fees are awarded only when expressly allowed by statute or rule, the silence of such fee awards to insurers in §§ 16-22-308 and 23-79-208 can only be interpreted to mean the General Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy.

The trial court was therefore precluded by our ruling in *Village Market II, supra*, from awarding an attorney's fee to ESLIC.

■ ■ Moreover, on February 17, 1999, Governor Mike Huckabee approved and signed Act 135 of 1999, entitled "An Act To Amend Arkansas Code Annotated § 23-79-208 To Further Clarify The Existing Intent Of the General Assembly That Insurance Policy Holders Shall Not Be Liable For The Attorneys' fees Incurred By Insurance Companies In the Defense of Cases In Which The Insurance Company Is Found Not Liable For The Loss; And For Other Purposes," which added the following language to section 22-79-208(a):

> In no event will the holder of the policy or his assigns be liable for the attorneys' fees incurred by the insurance company, fraternal benefit society or farmers' mutual aid association in the defense of a case where the insurer is found not liable for the loss.

Act 135 went into effect on the date of its approval by the Governor pursuant to an emergency clause. Furthermore, according to Section 2 of Act 135, it was "the express intent of the General Assembly that this Act be applied retroactively to pending cases as it is remedial and procedural in nature." Although there is a presumption that the legislature intends statutes or amendments enacted by it to operate prospectively and not retroactively, this presumption is effectively rebutted where the intention of the legislature to make the statute retroactive is stated in express terms. *Estate of Wood v. Dept. of Human Services*, 319 Ark. 697, 894 S.W.2d 573 (1995). Likewise, the rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. *Gannett Rover States Publishing Co. v.*

*Arkansas Industrial Development Commission,* 303 Ark. 684, 799 S.W.3d 543 (1990). Thus, the trial court was without authority under both statutory and case law to award attorney's fees to ESLIC as the prevailing party in Murphy Oil's action for indemnification under the ESLIC policy.

 Nevertheless, ESLIC argues that this case is distinguishable from *Village Market II, supra.* First, ESLIC suggests that its status as an excess liability insurer is not covered by Ark. Code Ann. § 23-79-208 because the statute does not specifically list umbrella, or excess, liability carriers within its provisions. However, section 23-79-208 does include casualty insurance within its provisions, and Ark. Code Ann. § 23-62-105 (Repl. 1994) broadly defines casualty insurance to include liability insurance "unless the context otherwise requires." Contrary to ESLIC's argument, nothing in the context of section 23-79-208 requires that excess liability insurance be excluded from the coverage of its provisions. Accordingly, we deem this argument to be without merit.

 ESLIC also argues that *Village Market II* does not preclude a fee award in cases where the contract of insurance sued upon was negotiated on a "level playing field." *Village Market II,* however, makes no distinction as to the type of insurance policy or the circumstances surrounding the issuance of the policy. As previously stated, we held in *Village Market II, supra,* that "the General Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy," thus ruling out *any* award of attorney's fees to *any* insurer sued by an insured seeking recovery on *any* policy of insurance. In light of the breadth of the holding in *Village Market II, supra,* we reject ESLIC's argument inviting us to restrict the application of *Village Market II* to situations involving adhesion insurance policies.

ESLIC's final point on appeal involves the doctrine of judicial estoppel, by which a party may be prevented from taking inconsistent positions in successive cases with the same adversary. *See Muncrief v. Green,* 251 Ark. 580, 473 S.W.2d 907 (1971). ESLIC claims that Murphy Oil is judicially estopped from claiming that

§ 16-22-308 does not apply to the instant action in light of its earlier reliance on that statute as an alternate basis for an award of attorney's fees when it was the prevailing party. We need not address the merits of this argument, for even if we were to conclude that Murphy Oil was judicially estopped, the trial court is still without authority to award ESLIC attorney's fees under Ark. Code Ann. §§ 22-79-208 or 16-22-308 in light of *Village Market II* and Act 135 of 1999.

Affirmed.

GLAZE and CORBIN, JJ., not participating.