The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1. May the City Council, with this bid, or upon rebid of the project, and by resolution, legally appropriate funds to the Town Center Project?
 2. Does A.C.A. § 22-9-203(f)(3) limit the negotiated award to a contract amount of $7,350,000 or may the City negotiate an award of a contract up to 20% in excess of $7,350,000?
 3. Assuming a contract is entered into without the deductive alternates may such alternatives or other additions to the contract be added back into the contract at a later date by issuing a change order and, assuming such change orders are possible, must the deductive alternatives be added back in any specific order?
 4. Does Act 675 of 1999 apply to the fact situation set forth above regarding the Town Center Project?
 5. If so, is Nabholz Construction company the low bidder after applying Act 675 or should the low awarded bid go to Oakridge Builders?
 6. If Act 675 applies is the negotiated award limited to a contract amount of $7,350,000 or may the City negotiate an award of a contract up to 25% in excess of $7,350,000?
According to your correspondence, these questions are asked with regard to bids that have been submitted for the construction of a Fayetteville Town Center ("the Project"). A bond issue has been approved to finance the construction. The amount appropriated, certified and read before the bid opening was $7,350,000, representing the approximate amount in the construction fund. All bids submitted exceeded the amount appropriated for the award of the contract. You state that the City proposes to determine the low bidder by deducting the alternates in numerical order as required by A.C.A. § 22-9-203(f)(2) and award the bid to the then responsible low bidder, Nabholz Construction. The cost of the project, after deducting the alternates, is less than 20% above the $7,350,000 appropriated and the City desires to enter into negotiations to award the contract to Nabholz Construction.
RESPONSE
Question 1 — May the City Council, with this bid, or upon rebid of theproject, and by resolution, legally appropriate funds to the Town CenterProject?
A conclusive answer to this question may require reference to the particular facts and circumstances surrounding the anticipated additional appropriation. If the appropriation is made following negotiations with the apparent responsible low bidder (see response to Question 2, infra), then I believe the additional funding would, as a general matter, be authorized. This assumes, however, that the City is not thereby defeating the "low bidder" determination under A.C.A. § 22-9-203(f).[1] If, for instance, the contract was entered into with any deductive alternates (see § 22-9-203(f)(1)), one might question the winning bidder's status as low bidder, depending upon the particular amount(s) involved.
Question 2 — Does A.C.A. § 22-9-203(f)(3) limit the negotiated award to acontract amount of $7,350,000 or may the City negotiate an award of acontract up to 20% in excess of $7,350,000?
Assuming that the City has properly determined the low bidder in accordance with § 22-9-203(f)(2) (see n. 1, supra), then it is my opinion that an award of the contract may be negotiated up to 20% in excess of the amount appropriated ($7,350,000 in this instance). This reasonably follows, in my opinion, from § 22-9-203(f)(3), which states:
 After making the deductions, if the cost of the project is less than twenty percent (20%) above the amount appropriated, then, and only in that event, the state agency may negotiate an award with the low bidder so determined.
See also A.C.A. § 22-9-203(e) (providing for authority to negotiate an award when all bids exceed amount appropriated and bidding on alternates was not required, "but only if the low bid is within twenty percent (20%) of the amount appropriated.") The authority to negotiate is triggered, under § 22-9-203, by the fact that all bids exceeded the amount appropriated (i.e., the amount determined to be available prior to soliciting bids) for the award of the contract. By allowing negotiations only in the event the "cost of the project" is within 20% of the amount appropriated (§ 22-9-203(f)(2)), the General Assembly has, I believe, expressed its intent for the parties to negotiate an award of the contract within this range. The "cost of the project" is clearly the cost as determined by the low bidder. The obvious inference, therefore, assuming the availability of additional funds, is that the City may (although it is not required to) negotiate an award with reference to this cost. This conclusion is based upon the relevant language, given the absence of any other evidence of legislative intent or any helpful case law authority on point. Legislative clarification may therefore be necessary to conclusively resolve the matter.
Question 3 — Assuming a contract is entered into without the deductivealternates may such alternatives or other additions to the contract beadded back into the contract at a later date by issuing a change orderand, assuming such change orders are possible, must the deductivealternatives be added back in any specific order?
It is my opinion that the answer to this question is, generally, "yes." Section 22-9-203 is silent on the question, as it only addresses the award procedure and places no limitations or requirements on subsequent contractual matters relating to the project. Assuming the availability of funds, therefore, it appears that such change orders could be made pursuant to the City's general contractual authority. See, e.g., A.C.A. § 14
Question 4 — Does Act 675 of 1999 apply to the fact situation set forthabove regarding the Town Center Project?
It is my opinion that the answer to this question is "no." Act 675 of 1999 does not contain an emergency clause nor does it specify an effective date. It is thus not effective until July 30, 1999. See Op. Att'y Gen. 99-120.
Even assuming that this contract is not awarded until after Act 675's effective date it is my opinion that the act will not apply to this fact situation where the bids have already been submitted and composed to determine which bidder is the "apparent responsible low bidder," after making the alternate deductions in accordance with A.C.A. § 22-9-203(f) (Supp. 1997).[2] The substantive effect of retroactively applying Act 675 thus seems apparent. And in that instance, I believe it will be presumed that the act operates prospectively only. See generally Estate ofWood v. Arkansas Dept. of Human Serv., 319 Ark. 697, 894 S.W.2d 573
(1995). As stated in 1A Sutherland Statutory Construction § 22.36, at 200:
 "[I]t is presumed that provisions added by [an amendatory act] affecting substantive rights are intended to operate prospectively."
Your remaining two questions are rendered moot by the response to question four (4).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] When all bids exceed the "amount appropriated" (defined in §22-9-203(h) (Supp. 1997) as "funds currently available for the project as determined . . . prior to the solicitation of any bids[,]") the "apparent responsible low bidder" may be determined by deducting alternates in numerical order. See A.C.A. § 22-9-203(f)(2) (Supp. 1997).
[2] The amendment under Act 675 of 1999 deletes subsection (f) and removes any reference to "bidding on alternates" in subsection (e) of §22-9-203. See Acts 1999, No. 675, § 2. It also increases the amount by which the low bid may exceed the amount appropriated (in order for the contract to be negotiated), from 20% to 25%.