Richard A Weiss, Interim Director Arkansas Department of Environmental Quality 8001 National Drive P.O. Box 8913 Little Rock, AR 72219-8913
Dear Mr. Weiss:
I am writing in response to your request for my opinion on the following question:
 Pursuant to Ark. Code Ann. §§ 8-7-907 and 8-7-908, an owner or operator of a regulated storage tank must expend $7,500.00 before the owner can receive reimbursement from the Petroleum Storage Tank Trust Fund ("Trust Fund") for either corrective action or third-party claims. The current deductible amount was reduced from $15,000.00 to $7,500.00 pursuant to Act 599 of 1999. Prior to 1997, the deductible amount was $25,000.00, and was reduced to $15,000.00 pursuant to Act 642 of 1997. The question is, for older occurrences for which reimbursement is currently being sought from the Trust Fund, which deductible amount applies? The statutes do not appear to be retroactive and do not contain a specific effective or cut-off date for application of the deductible.
RESPONSE
In my opinion, as a general proposition, the various acts reducing the deductible amounts should not be applied retroactively. However, with respect to a claim for corrective action, the question remains whether the applicable deductible is that in effect on the date of the occurrence, the date of discovery of the occurrence, the date when the occurrence should reasonably have been discovered, the date the occurrence is reported, the date corrective action is begun or completed, or the date of the claim. Unfortunately, the legislation provides no guidance regarding which date applies. Similarly, with respect to third-party claims, the legislation is silent as to whether the applicable date is one of those recited above or, as would seem more logical, the date the third party suffers injury or reasonably should have known of such injury. Legislative guidance on these matters seems warranted.
The statutes referenced in your request are contained in the Petroleum Storage Tank Trust Fund Act, A.C.A. § 8-7-901 through -909 (Repl. 2000), which establishes a fund to provide payment for costs incurred as a result of the accidental release of petroleum from regulated storage tanks. Section 8-7-907 addresses payment for cleanup on an owner's property, whereas A.C.A. § 8-7-908 addresses third-party claims for bodily injury or property damage. As you point out in your request, neither statute provides that it will apply retroactively.
It is a basic tenet of statutory construction that legislation is presumed to operate only prospectively unless the General Assembly expressly or by necessary implication indicates otherwise. EmployersSurplus Insurance Co. v. Murphy Oil USA, Inc., 338 Ark. 299,993 S.W.2d 481 (1999).
The Supreme Court has stated as follows the principles that apply in determining whether a statute applies retroactively:
 Retroactivity is a matter of legislative intent. Unless it expressly states otherwise, we presume the legislature intends for its laws to apply only prospectively. Estate of Wood v. Arkansas Dep't of Human Servs., 319 Ark. 697, 894 S.W.2d 573 (1995) (citing Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958)). Any interpretation of an act must be aimed at determining whether retroactive effect is stated or implied so clearly and unequivocally as to eliminate any doubt. In determining legislative intent, we have observed a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it, to operate prospectively only and not retroactively. See Arkansas Rural Medical Practice Student Loan Scholarship Bd. v. Luter, 292 Ark. 259, 729 S.W.2d 402 (1987); Chism, supra; Arkansas State Highway Comm'n v. Hightower, 238 Ark. 569, 383 S.W.2d 279
(1964).
 However, this rule does not ordinarily apply to procedural or remedial legislation. Gannett Rover States Publ'g Co. v. Arkansas Industrial Dev. Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990); Forrest City Mach. Works v. Aderhold, 273 Ark. 33, 616 S.W.2d 720 (1981). The strict rule of construction does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. Harrison v. Matthews, 235 Ark. 915, 362 S.W.2d 704 (1962). Procedural legislation is more often given retroactive application. Barnett v. Arkansas Transp. Co., 303 Ark. 491, 798 S.W.2d 79 (1990). The cardinal principle for construing remedial legislation is for the courts to give appropriate regard to the spirit which promoted its enactment, the mischief sought to be abolished, and the remedy proposed. Arkansas Dep't of Human Servs. v. Walters, 315 Ark. 204, 866 S.W.2d 823 (1993); Skelton v. B.C. Land Co., 260 Ark. 122, 539 S.W.2d 411 (1976) (citing United States v. Colorado Anthracite Co., 225 U.S. 219 (1912)). In addition, we have approved retroactive application of civil statutes, especially those concerning the fiscal affairs of government. For example, we held that the State can retroactively impose taxes. DuLaney v. Continental Life Ins. Co., 185 Ark. 517, 47 S.W.2d 1082 (1932). The United States Supreme Court has also said taxes can be retroactively applied. Reinecke v. Smith, 289 U.S. 172 (1933).
Bean v. Office of Child Support Enforcement, 340 Ark. 286, 296-97,9 S.W.3d 520 (2000).
In the present case, I believe the incremental reductions in the deductible amounts applicable to the cleanup of accidental petroleum discharges or payment to third parties injured by such discharges constitute changes in substantive law, as opposed to remedial or procedural legislation. Although the 1997 and 1999 amendments clearly reflect a legislative intent to minimize the exposure of any single individual or business to the financial consequences of an accidental spill, nothing in either amendment suggests that the legislature intended this relief to apply retroactively from the effective date of the amendment. Accordingly, I believe the applicable deductible should be that in effect at the time the claim for reimbursement from the Fund arose. This conclusion is consistent with my previous pronouncement that "[e]ven remedial legislation may not be applied retroactively . . . unless the legislature's intent is so clear, strong and imperative as to have no other meaning." Ark. Op. Att'y Gen. No. 99-282 (citing ArkansasRural Medical Student Loan Scholarship Bd. v. Luter, 292 Ark. 259,729 S.W.2d 402 (1987).
However, as noted at the beginning of this opinion, I cannot determine from the statutes what particular event or events would trigger the statutory obligation to cover remedial expenses up to the applicable deductible amount. Although at first blush the logical date might appear to be the date of the discharge, as a practical matter that date may be unknown. Moreover, the date of the accidental release may not be the date of an injury or property damage to a third party. Given the total absence of legislative or judicial guidance, I am simply unable to opine on this matter. I am an officer of the executive branch of government and, as such, cannot perform the essentially legislative function of determining precisely when the obligation to pay the deductible attaches. I can only opine that the applicable deductible will be the one codified as of that date.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh